# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.M.**

**No. 12-1434** (Grant County 12-JA-19)

**FILED**

April 16, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Lauren M. Wilson, arises from the Circuit Court of Grant County, wherein her parental rights were terminated by order entered on November 5, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Patricia L. Kotchek, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 19, 2012, maternal grandmother of J.M., was appointed legal guardian to J.M. On July 30, 2012, the DHHR filed a petition alleging that J.M. was abused or neglected by both maternal grandmother and Petitioner Mother. The abuse or neglect allegations against maternal Grandmother were based on felony convictions that she and her husband received that were not known to the court when maternal grandmother was granted guardianship. On August 9, 2012, Petitioner Mother waived her right to a preliminary hearing and, after the hearing, alleged to the guardian ad litem that maternal grandmother had recently used drugs and engaged in domestic violence in front of J.M. Based on this information, the circuit court removed J.M. from the home of maternal grandmother and into the care of the DHHR for placement into a foster home. On September 19, 2012, Petitioner Mother failed to attend her adjudicatory hearing and she was adjudicated abusive, based on her habitual drug use, having no stable home or income, and the exposure the child had to domestic violence in her presence. Petitioner moved for an improvement period but failed to attend either the hearing to review the case plan or the dispositional hearing. The circuit court then terminated Petitioner Mother's parental rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

1

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the initial grant of guardianship to maternal grandmother caused the petition against Petitioner Mother to be filed, and therefore led to the termination of her parental rights. Petitioner Mother argues that the court erred in granting maternal grandmother guardianship rights because of the felony convictions she and her husband received. The DHHR does not dispute that it was a mistake to grant maternal grandmother guardianship, but responds that 1) Petitioner Mother left J.M. with maternal grandmother and never objected when maternal grandmother moved for guardianship, 2) Petitioner Mother admitted current and past neglect of J.M. to DHHR staff, and 3) Petitioner Mother did not participate in the multi-disciplinary team process and did not attend several hearings, including the hearing on her motion for an improvement period. The guardian agrees with the DHHR, and states that Petitioner Mother "has not given priority to the child either before the commencement of this case or during this case."

It is clear from the record that there is independent support for petitioner's parental rights to be terminated, based on her lack of involvement in the case and her inability to provide a stable home environment for J.M. This Court has held that "'[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)" Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that:

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home cannot be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3